
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36405-4-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GRANT THOMAS McADAMS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

SIDDOWAY, J. — Following his conviction for first degree assault and first degree robbery, Grant McAdams successfully moved the trial court for postconviction DNA[1] testing on a number of items collected as evidence. The State appealed, challenging among other matters the trial court's failure to explain its reasons for granting the motion.

A few days before the State's appeal was scheduled for oral argument, Mr. McAdams's appellate lawyer notified the court that the Washington State Patrol had completed the DNA testing required by the trial court's order. Because DNA testing of a key piece of evidence had proved inculpatory, Mr. McAdams asked us to dismiss the State's appeal as moot. The State objected, arguing that its appeal involved matters of

---

[1] Deoxyribonucleic acid.

continuing and substantial public interest. Mr. McAdams's motion to dismiss was referred to the panel, which heard argument on the mootness issue at the time originally scheduled for argument of the appeal.

ANALYSIS

"'A case is moot if a court can no longer provide effective relief.'" *In re Pers. Restraint of Mines*, 146 Wn.2d 279, 283, 45 P.3d 535 (2002) (quoting *In re Cross*, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983)). A court may nonetheless decide a technically moot case if it involves "'matters of continuing and substantial public interest.'" *Cross*, 99 Wn.2d at 377 (quoting *Sorenson v. City of Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972)). When determining the "'requisite degree of public interest,'" courts should consider (1) "'the public or private nature of the question presented,'" (2) "'the desirability of an authoritative determination for the future guidance of public officers, and'" (3) "'the likelihood of future recurrence of the question.'" *Sorenson*, 80 Wn.2d at 558 (quoting *People ex rel. Wallace v. Labrenz*, 411 Ill. 618, 622, 104 N.E.2d 769 (1952)).

Having heard the argument of counsel, we are satisfied the criteria that warrant deciding a technically moot case are not present here. Atypical circumstances of the trial court's decision making and order appear to be a substantial factor in the State's challenge. The State complains about the court's failure to make findings but avenues for obtaining the entry of findings that could have been followed were not exhausted here.

2

No. 36405-4-III
*State v. McAdams*

The motion is granted and the case is dismissed as moot.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Fearing, J.

3